UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANIL KUMAR KATAKAM,** <br><br> Plaintiff, <br><br> vs. <br><br> **ANIL KUMAR REDDY HUNASENAHALLY,** <br><br> Defendant. | **2:25-CV-10649-TGB-KGA** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION** <br><br> **(ECF NO. 16)** |

Plaintiff Anil Kumar Katakam, proceeding *pro se*, brings suit against Defendant Anil Kumar Reddy Hunasenahally, alleging that the Defendant committed fraud by arranging the sale of plots of land in India to which Defendant had no legal title and by misrepresenting the value of that land. ECF No. 1. Defendant filed a motion to dismiss. ECF No. 9. Magistrate Judge Kimberly G. Altman issued a Report and Recommendation, recommending that Defendant's motion to dismiss be denied. ECF No. 16. Judge Altman also recommended that the case be dismissed *sua sponte* for *forum non conveniens. Id.* Plaintiff has objected to the dismissal for *forum non conveniens.* ECF No. 17. The Court concludes that additional briefing is necessary to determine whether Plaintiff's Objection should be sustained or overruled. For the following reasons, therefore, the Court **ADOPTS IN PART** and **MODIFIES IN**

1

**PART** Judge Altman's Report and Recommendation. Accordingly, Defendant's motion to dismiss is **DENIED** and Defendant is **GRANTED LEAVE** to file a supplemental brief on the issue whether the case should be dismissed for *forum non conveniens*.

## I.  BACKGROUND

### A.  Factual Background

The Court assumes the truth of the following allegations, which are drawn from Plaintiff's complaint.

Plaintiff and Defendant have worked together for four years, from 2014 to 2018, in Novi, Michigan. ECF No. 1, PageID.5. Plaintiff and Defendant were close friends. *Id.*

In late May 2018, in Michigan, Defendant approached Plaintiff with an offer to buy a plot of land in Bangalore, India. *Id.* Defendant represented to Plaintiff that the "market rate of property plots in India was []4000 rupees per square feet." *Id.* Defendant informed Plaintiff that he was hoping to buy a property, "Plot 137," and "induced Plaintiff to buy [the] adjacent property ['Plot 130'] … at [a] discounted price [of] []3750 rupees per square feet." *Id.* Defendant promised Plaintiff a home loan, and stated that he had gotten such a loan for Plot 137. *Id.*

Defendant represented that his family had the authority to sell the two plots, that both plots were from the sale lot, and that everything would be managed by his family. *Id.* Plaintiff relied on these

representations and agreed to buy Plot 130. *Id.* Defendant's representations and Plaintiff's agreement to purchase the plot occurred in Oakland County, Michigan.

Defendant and his family collected the money from Plaintiff, without actual authority from the true owners and sellers of the plot. *Id.* Defendant proceeded to purchase the property for 3125 rupees per square feet. *Id.*

Plaintiff became aware of Defendant's purported fraud in July 2023, when he visited the plots in India. *Id.* at PageID.6. At that time, he found out from neighbors that the plot price of the property in 2018 was 2000 rupees per square feet. *Id.* After further investigation, Plaintiff discovered that Defendant and his family had no actual authority over the property plots and that "Defendant family [sic] were represented as buyers and Plaintiff was cheated by Defendant and his family." *Id.*

Plaintiff alleges that the discussions, agreements, and transactions between Plaintiff and Defendant started and took place in Oakland County, Michigan. *Id.*

### B. Procedural Background

Plaintiff brought suit against Defendant on March 7, 2025, alleging one count of fraud. *Id.* at PageID.8.

Defendant filed an answer to the complaint on April 30, 2025. ECF No. 5.

3

On July 18, 2025, Defendant moved to dismiss the complaint for lack of personal jurisdiction, improper venue, failure to state a claim, and failure to join indispensable parties. ECF No. 9. Plaintiff responded on August 19, 2025. ECF No. 11. Defendant replied on November 10, 2025. ECF No. 15

### C.   Judge Altman's Report and Recommendation

On February 3, 2026, Judge Altman issued a Report and Recommendation. ECF No. 16. Judge Altman recommended that Defendant's motion to dismiss should be denied. *Id.* at PageID.313. Judge Altman also recommended that the case should be dismissed *sua sponte* for *forum non conveniens. Id.*

Because the only objection raised by either party pertains to Judge Altman's recommendation that the case should be dismissed *sua sponte* for *forum non conveniens*, ECF No. 17, the Court will only summarize that section of the Report and Recommendation. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452–53 (N.D. Ohio 2012) ("The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

Judge Altman found that while Defendant "asserts his defense as one of improper venue … his argument sound under the *forum non conveniens* doctrine." ECF No. 16, PageID.316. Thus, while Judge Altman agreed with Plaintiff that "under 28 U.S.C. § 1391(b), he has

alleged fraud on the part of Reddy that substantially took place while the two parties resided in Michigan," Judge Altman concluded that "this district would be an exceedingly inconvenient choice of forum for this dispute, as opposed to courts in India where the money was delivered and the property is located." *Id.* at PageID.317.

> Specifically, Judge Altman stated that

> Katakam's damages theory includes all of the principal money paid to Reddy for the plot, but for this to not result in a windfall for Katakam, his deed to the plot would need to be transferred. The economic value of the plot in India would need to be assessed, and given that Katakam did not discover the fraud until traveling to India, seeing the plot, and speaking with others there, it is likely that one or more witnesses from India would be required at trial.

*Id.* at PageID.318. Judge Altman found that "Courts facing similar circumstances involving foreign property have found that dismissal for *forum non conveniens* is appropriate." *Id.*

> Judge Altman concluded that

> many of the sources of proof and witnesses in this case will be located in India; the possible need to view the plots and assess their past economic value; and the appropriateness of deciding a foreign case under diversity jurisdiction all favor dismissal. [Thus,] this matter is inherently foreign and should be dismissed.

*Id.* at PageID.320.

**D.      Objections to the Report and Recommendation**

On February 12, 2026, Plaintiff filed an objection to the Report and Recommendation. ECF No. 17. Plaintiff stated that he "objects specifically and solely to the portion of the R&R that recommends the *sua sponte* dismissal of this action on the grounds of *forum non conveniens.* Plaintiff agrees with and urges the Court to adopt the R&R's well-reasoned analysis and recommendations to DENY Defendant's Motion to Dismiss in its entirety." *Id.* at PageID.331.

First, Plaintiff argues that his choice of his home forum is entitled to strong deference. *Id.* at PageID.333. However, Plaintiff argues, "in balancing the relevant factors, the analysis did not accord sufficient weight to Plaintiff's choice of forum." *Id.* at PageID.334.

Second, Plaintiff argues that the private interest factors favor retaining jurisdiction in Michigan. *Id.* at PageID.334. Specifically, Plaintiff argues that (1) much of the critical evidence in the case is located in Michigan; (2) that the primary witnesses are subject to the Court's jurisdiction and that the potential need of witnesses from India is low; (3) that a physical viewing of the land plots in India is entirely unnecessary; (4) and that the Indian forum is inadequate. *Id.* at PageID.334–39.

Third, Plaintiff argues that the public interest factors favor retaining jurisdiction in Michigan. *Id.* at PageID.340–41.

Fourth, Plaintiff argues that the precedent relied upon by the R&R is distinguishable. *Id.* at PageID.341–42.

6

Fifth, Plaintiff argues that he was denied adequate notice and opportunity to be heard on the issue of *forum non conveniens*. *Id.* at PageID.343–44.

Sixth, Plaintiff argues that Defendant has not carried his burden of demonstrating an adequate alternative forum. *Id.* at PageID.344–45.

Lastly, Plaintiff argues that if the Court were to dismiss the complaint, dismissal should include certain conditions. *Id.* at PageID.345–46. Specifically, Plaintiff argues that dismissal should be conditioned on (1) Defendant's consent to jurisdiction in the appropriate Indian court; (2) Defendant's waiver of any statute of limitations defense that has accrued since the filing of the action; (3) Defendant's agreement to make available in India any document or evidence currently within his possession in the United States. *Id.* at PageID.345.

Although Defendant did not object to Judge Altman's Report and Recommendation, Defendant filed a response to Plaintiff's objections. ECF No. 18.

## II. LEGAL STANDARD

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster*, 913 F. Supp. 2d at 452–53 (*quoting Thomas*, 474 U.S. at 150). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [or] receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. DISCUSSION

Plaintiff's only objection to Judge Altman's Report and Recommendation pertains to her recommendation that the case be dismissed for *forum non conveniens*. ECF No. 17. The Court will address this portion of Judge Altman's Report and Recommendation.

### A. Background

"*Forum non conveniens* is a common law doctrine that allows a district court not to exercise its jurisdiction." *Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1090 (6th Cir. 2019).

> When courts apply *forum non conveniens*, there are three considerations: (1) whether an adequate alternative forum is available; (2) whether a balance of private and public interests suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court; and (3) the amount of deference to give the plaintiff's choice of forum.

*Id.*

The Sixth Circuit has emphasized that "identifying an alternate forum is a prerequisite for dismissal, not a factor to be balanced. If there is no suitable alternate forum where the case can proceed, the entire inquiry ends." *Associacao Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 619–20 (6th Cir. 2018).

Defendant did not raise the issue of *forum non conveniens* in his motion to dismiss. ECF No. 9. However, Defendant argued that

9

> [b]ecause Defendant does not reside in Michigan for venue purposes and because the Complaint places every material event and all property in India, this district is not a permissible venue under § 1391(b)(1) or (b)(2). At most, Michigan supplied a backdrop for an introductory friendship—contacts too peripheral to satisfy the "substantial part" requirement.

*Id.* at PageID.217. Additionally, in another section, Defendant stated that "Indian courts provide an available forum with full power over the land, the deeds, and the sellers. Dismissal leaves Plaintiff a clear path to pursue complete relief there." *Id.* at PageID.220.

Finding that a district court could *sua sponte* dismiss a case for *forum non conveniens* where improper venue was raised and briefed, Judge Altman concluded that "this matter is inherently foreign and should be dismissed." ECF No. 16, PageID.317–20.[1]

Plaintiff argues that "the Indian legal system is not a practically available forum for the Plaintiff." ECF No. 17, PageID.338. Specifically, Plaintiff states that he

> has already attempted to engage the legal system in India without success. Two years ago, Plaintiff retained and paid lawyers in Bangalore (India) to initiate legal action concerning this matter. Despite receiving payment and Plaintiff's continuous follow-up efforts, these lawyers failed to initiate any action in courts and eventually ceased responding

---

[1] Indeed, the Sixth Circuit has held that as "long as the district court has facts relevant to the issue of forum non conveniens, it can raise the doctrine on its own accord." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (cleaned up).

10

altogether (Proofs can be provided by Plaintiff). This prior experience demonstrates a significant real-world barrier to justice for the Plaintiff in the Indian forum. A forum that is theoretically available but practically inaccessible due to such obstacles is not an adequate alternative. Dismissing this case would force Plaintiff back into a system that has already proven to be non-responsive and ineffectual for him, leaving him without a viable path to redress his injuries.

*Id.* at PageID.339. Additionally, Plaintiff alleges that he

faces a significant procedural obstacle in the Indian forum. The Defendant's family is well-connected and influential within the local region where the court is situated. This creates a real risk of partiality and an uneven playing field, severely prejudicing Plaintiffs ability to fairly present his case. Such conditions would effectively deny the Plaintiff a meaningful remedy, rendering the Indian forum inadequate.

*Id.*

Additionally, Plaintiff argues that Defendant "has presented no evidence—and carried no burden" on the question of whether there is a reasonable alternative forum available. *Id.* at PageID.344. Specifically, Plaintiff argues that the

Record contains no indication that: (a) Defendant would consent to jurisdiction in India; (b) the applicable Indian statute of limitations has not expired on Plaintiff's claims; (c) Indian courts would recognize and adjudicate Plaintiff's fraud claims arising from conduct in Michigan; or (d) Plaintiff would have access to an adequate remedy in India.

*Id.*

11

In response, the Defendant argues that "Plaintiff's objections do not establish that Indian courts provide 'no remedy at all' or that Plaintiff cannot bring suit there." ECF No. 18, PageID.356. Additionally, Defendant argues that "Plaintiff identifies no legal barrier to bringing suit in India regarding an Indian land transaction and the related Indian transaction records." *Id.*

## B.    Discussion

A key prerequisite for considering dismissal based on *forum non-conveniens* is a finding that there is an adequate alternative forum available to resolve the dispute.  The Court finds that the record does not show that an adequate alternative forum is available.

> An alternative forum is ordinarily considered to be available when the defendant is 'amenable to process' in the other jurisdiction. However, a foreign forum is not truly "available"—and a defendant is not meaningfully "amenable to process" there—if the foreign court cannot exercise jurisdiction over both parties. Similarly, the foreign forum is not adequate if the remedy it offers is so clearly inadequate or unsatisfactory that it is no remedy at all, as, for example, if the other forum does not permit litigation of the subject matter of the dispute. An alternative forum, however, is not inadequate merely because its substantive law is different or less favorable to the plaintiff than that of the U.S. forum.

*Associacao Brasileira de Medicina de Grupo*, 891 F.3d at 620 (cleaned up). Simply put, "[a] forum is adequate if it can remedy the alleged harm." *Jones*, 920 F.3d at 1091. "[S]ometimes an inconvenient forum is the *only*

12

available forum." *Associacao Brasileira de Medicina de Grupo*, 891 F.3d at 620 (cleaned up).

Contrary to Defendant's argument, it is the *defendant* who "carries the burden of establishing an adequate alternative forum." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016). "[T]he nature of the showing required to carry the burden depends on the nature of the case at hand." *Associacao Brasileira de Medicina de Grupo*, 891 F.3d at 620. "In particularly clear cases, pleadings and preliminary submissions alone may suffice." *Id.* However, "[m]ore frequently, defendants have carried their burden by submitting expert evidence showing that a particular foreign court will be able to exercise jurisdiction over the parties and the subject matter." *Id.*

Here, aside from Defendant's conclusory remark that "Indian courts provide an available forum with full power over the land, the deeds, and the sellers," ECF No. 9, PageID.220, the record contains no indication that an Indian court would be an available adequate forum. Nor did the Report and Recommendation address the question of whether any Indian court would an available and adequate forum. *See* ECF No. 16.

The sole portion of the Report and Recommendation that could be read as addressing whether any court is an adequate and available forum is in its citation to *Ramakrishna v. Besser Co.*, 172 F. Supp. 2d 926 (E.D. Mich. 2001), in which the district court found that an Indian court was a

reasonable alternative forum. *Id.* at 931. But this portion of the *Ramakrishna* opinion is not specifically cited by the Report and Recommendation.

Moreover, it is clear that *Ramakrishna* is wholly inapposite. First, in that case, defendant "consented to jurisdiction [in India] in the joint venture agreement." *Id.* at 930. Second, *Ramakrishna* operated under a presumption of adequacy of an alternative forum and placed the burden of production to overcome this presumption on the *plaintiff. Id.* at 931. However, it is the *defendant* who "bears the burden of identifying an alternative forum that meets these criteria." *Associacao Brasileira de Medicina de Grupo*, 891 F.3d at 620.

Based on the record as it stands, the Defendant has not met this burden. Defendant has provided no basis of support, whether in the form of legal arguments or expert reports, that an Indian court is an available and adequate forum for Plaintiff's claims. Nor has Defendant "submitted an affidavit stating that it is amenable to process in [India]." *Jones*, 920 F.3d at 1091.

Additionally, while in some cases, "pleadings and preliminary submissions alone may suffice" to carry Defendant's burden "of identifying an alternative forum," *Associacao Brasileira de Medicina de Grupo*, 891 F.3d at 620, this is not the case here. For instance—unlike in *Wong*—there is no indication that Plaintiff or Defendant have their principal place of business in India, or that they entered into an

14

agreement with an Indian forum selection clause. 589 F.3d at 831 (company had its principal place of business in Gibraltar and the parties entered into an agreement with a Gibraltar forum selection clause). Similarly—unlike in *Est. of Thomson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008)—the parties did not enter into the agreement in India and Defendant is not an Indian corporation. *Id.* at 365 (agreement was entered into in South Africa and the proper defendant was a South African corporation). In any case, Defendant has not even argued that the pleadings and preliminary submission are sufficient to establish the adequacy and availability of an alternative forum.

Accordingly, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation denying the motion to dismiss but **DECLINES TO ADOPT** the portion of the Report and Recommendation finding that the the case should be dismissed for *forum non conveniens*, pending consideration of additional briefing as directed below.

The Report and Recommendation sets out compelling reasons that, provided that a court in India is an available and adequate forum, such a forum would potentially be a more suitable forum for this case. Thus, if Defendant wishes to dismiss this case under a theory of *forum non conveniens*, Defendant may file a motion on this point within two weeks of the date of this Order. In this motion, Defendant should attempt to

meet his burden of establishing the adequacy and availability of an alternative forum.

Plaintiff may respond to this motion within three weeks of the date of this Order.

Because the Court grants leave to Defendant to file a motion addressing whether the case should be dismissed for *forum non conveniens* and given that the parties have not previously briefed the issue, the parties are directed to brief the issue of *forum non conveniens* in full.

16

## IV.  CONCLUSION

For the reasons above, Judge Altman's February 3, 2026, Report and Recommendation (ECF No. 16) is **ACCEPTED IN PART** and **MODIFIED IN PART**. Accordingly, Defendants' motion to dismiss (ECF No. 9) is **DENIED**. However, Defendant is **GRANTED LEAVE** to file a supplemental motion addressing whether the case should be dismissed for *forum non conveniens* within two weeks of the date of this Order.

**SO ORDERED.**

Dated: March 11, 2026          s/Terrence G. Berg
_____
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE